IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Christopher M. Cole and Cole Towing and Recovery, LLC, | ) Civil Action No.: 7:18-00980-AMQ |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) **OPINION AND ORDER** |
| v. | ) |
| | ) |
| City of Spartanburg, Spartanburg City Council, Ed Mermmott, in his individual and official capacity, Does 1-10, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This matter is before the Court on Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction. (ECF No. 5.) Plaintiffs seek an order prohibiting Defendants from interfering and/or suspending Plaintiffs' operation of its towing business in the City of Spartanburg, State of South Carolina; and postponing and/or suspending any pending administrative hearings seeking to revoke Plaintiffs' permit and/or business license in the City of Spartanburg, State of South Carolina. (ECF No. 5 at 1.) This matter has been fully briefed and a hearing on this motion was held on May 1, 2018. For the reasons set forth in this order, the Court denies Plaintiffs' motion.

## BACKGROUND

This case arises out of dispute involving the Defendant City of Spartanburg's towing ordinance and suspension of Cole Towing and Recovery, LLC's ("Plaintiffs" or "Cole Towing") nonconsensual towing permit. Cole Towing and Recovery, LLC is a company which allegedly offers tow, wrecker and impound services in the City of Spartanburg, South Carolina and

surrounding areas. (ECF No. 5-1 at 1.) One of the types of services Cole Towing provides to its customers is known as "nonconsensual towing," which occurs when a towing company removes a vehicle at the behest of a landowner without the consent of the vehicle's owner. *Id.*

On April 10, 2017, the ordinance governing nonconsensual towing within the City was amended ("the Ordinance") to prevent certain predatory towing practices. (ECF No. 18 at 1.) Predatory practices included instances where vehicles were towed from locations without sufficient notice, vehicles being towed despite the driver offering to pay a "drop fee" as the vehicles were being towed, towing vehicles to temporary staging lots where the owners could not access or pickup their vehicles and excessive fees. *Id.* at 2. On April 27, 2017, Plaintiffs' received a license and a towing permit in accordance with the requirements of the amended ordinance. *Id.* at 1. On the same day, Plaintiffs filed a state court action against the City of Spartanburg and the Spartanburg City Council (*Cole Towing and Recovery, LLC v. The City of Spartanburg, et. al.* Civil Action No. 2017-CP-42-01468), challenging the constitutionality and legality of the Ordinance. *Id.* In that action, Plaintiffs moved for temporary injunctive relief, which was denied for failure to show irreparable harm or lack of an adequate remedy sufficient to justify an injunction. *Id.* at 1-2. The case was ultimately dismissed by South Carolina Circuit Court Judge Durham Cole on December 5, 2017, and, at the time of the hearing of Plaintiffs' Motion in this case, was pending on an appeal brought by Plaintiffs in the South Carolina Court of Appeals. *Id.*

On December 29, 2017, the City Manager for the City of Spartanburg, Ed Memmott, sent Plaintiffs a letter informing them that Cole Towing and Recovery, LLC's towing permit had been temporarily suspended and that a hearing had been set for January 16, 2017, pursuant to the Ordinance. (ECF No. 5-3.) The letter further set out the grounds for suspension of the permit,

including multiple violations of the Ordinance. *Id.* Specifically, the letter informed Plaintiffs of improper staging incidents on August 24, 2017, and September 1, 2017, refusing "drop payments" on September 1, 2017, and December 23, 2017, and a violation of the two-mile storage facility requirement in the Ordinance. *Id.* Shortly thereafter, Plaintiffs requested that the administrative hearing be delayed to allow Defendants to comply with Plaintiffs' FOIA request. (ECF No. 18-1 ¶ 10.) The parties agreed and the hearing was re-set for March 27, 2018. (ECF No. 18 at 2.)

The administrative hearing began on March 27, 2018, but did not conclude at that time. (ECF No. 5-1 at 5.) The hearing was reconvened on April 12, 2018, at which time testimony was concluded. (ECF No. 18 at 3.) After reviewing an appointed hearing officer's findings and recommendations as to whether Plaintiffs' permit should be revoked, the City Manager issued a final, appealable decision on May 3, 2018. (ECF No. 25-1.) In the decision, the City Manager found that the permit issued to Plaintiffs was properly suspended on December 29, 2017, and declined to reinstate Plaintiffs' permit. *Id.* Per the City Manager's decision, Plaintiffs may apply for a new permit to provide nonconsensual towing in the City so long as Plaintiffs' application meets the requirements of the Ordinance. *Id.*

**STANDARD OF REVIEW**

A preliminary injunction is an extraordinary remedy that will be issued only upon a showing by a plaintiff of four requirements: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010) (citing *Winter v. NRDC, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 374, 172

L.Ed.2d 249 (2008) and redefining the Fourth Circuit's previous preliminary injunction standard articulated in *Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir.1977)). Because of the extraordinary nature of injunctive relief, the Supreme Court has admonished that interlocutory injunctions "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter,* S.Ct. 365 at 376.

## DISCUSSION

### A. Likelihood of Success on the Merits

The Supreme Court in *Winter*, recognizing that a preliminary injunction affords relief before trial, requires that the plaintiff make a clear showing that it will likely succeed on the merits at trial. (*Real Truth About Obama, Inc.* 342 at 346) (citing *Winter* 129 S.Ct. at 374, 376).[1] Plaintiff must " 'clear[ly] show [ ]' that [he] is likely to succeed on the merits." *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011) (citing *Winter*, 555 U.S. at 22, 129 S.Ct. 365).

Plaintiffs argue that they are likely to succeed on the merits because the City's suspension of their towing permit constituted an unlawful deprivation of a protected property right without due process. (ECF No. 5-1 at 8.) While Plaintiffs make multiple arguments about the circumstances and hearing regarding their towing permit, Plaintiffs' arguments center on their assertion that the City wrongfully removed a constitutionally protected property right when it suspended Plaintiffs' license and towing permit. In support, Plaintiffs rely heavily upon the Fourth Circuit Court of Appeals case of *Pritchett v. Alford,* 973 F.2d 307 (4th Cir. 1992). In *Pritchett*, the operator of a wrecker service filed a motion for summary judgment, arguing that

---

[1] *See also Amoco Production Co.*, 480 U.S., at 546, n. 12, 107 S.Ct. 1396 ("The standard for a preliminary injunction is… that the plaintiff must show a likelihood of success on the merits rather than actual success").

his procedural due process rights under the Fourteenth Amendment were violated when his business was removed from a wrecker-referral list administered by the South Carolina Highway Patrol without any notice, opportunity to be heard or other process. On appeal, Fourth Circuit held that the operator had a "constitutionally protected property right under the Fourteenth Amendment not to be removed from the wrecker-list summarily, without any prior notice, opportunity to be heard, or other process." *Id.* at 317.

The Court does not read *Pritchett* to stand for the proposition that a suspension followed by a hearing is in of itself improper. Other decisions seem to suggest that a suspension following a hearing is permissible. For example, in *Battersby v. Carew et al.*, this Court found that defendants lawfully suspended a chiropractor's license when the chiropractor was provided notice of suspension and an opportunity to be heard before an administrative board. No. 8:14–761–HMH, WL 4269109 (D.S.C. Aug. 28, 2014) (unpublished). Further, in this case, Plaintiffs were notified of the suspension and informed of the administrative hearing at which they had the opportunity to be heard. The City sent Plaintiffs a letter on December 29, 2017, explaining Plaintiffs' violations of the ordinance and notifying them of an administrative hearing. (ECF No. 5-3.) Plaintiffs then had an opportunity to be heard at two hearings which gave Plaintiffs the opportunity to argue, present evidence, and cross-examine witnesses. (ECF No. 18 at 4.) Of course, Plaintiffs also have the right to appeal the result of the hearing. (ECF No. 25-1.) While Plaintiffs criticize the sufficiency of the due process afforded by these procedures, Plaintiffs have received the procedural protections described above. Accordingly, the Court finds that Plaintiffs, at this stage of the proceeding, have failed to make a "clear showing" that they have a likelihood to prevail on the merits of their case.

**B. Irreparable harm**

Pursuant to the second factor in *Winter*, Plaintiffs assert that they have suffered, and continue to suffer, irreparable harm in the absence of a preliminary relief. (ECF No. 5-1 at 6.) The Fourth Circuit requires that the party seeking the injunction make a clear showing that it will likely suffer irreparable harm without an injunction. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 347 (4th Cir. 2009) (citing *Winter,* 129 S.Ct. at 374–76). "[W]hen the failure to grant preliminary relief creates the possibility of permanent loss of customers to a competitor or the loss of goodwill, the irreparable injury prong is satisfied*."* *Multi–Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co*., 22 F.3d 546, 552 (4th Cir. 1994) (citing *Merrill Lynch, Pierce, Fenner & Smith v. Bradley*, 756 F.2d 1048, 1055 (4th Cir. 1985)). However, when the record indicates that a plaintiff's loss is matter of simple mathematical calculation, the plaintiff fails to establish irreparable injury for preliminary injunction purposes. *Multi–Channel TV Cable Co.* at 552. *See also MicroAire Surgical Instruments, LLC v. Arthrex, Inc.,* 726 F.Supp.2d 604, 636–39 (W.D. Va. 2010) (finding no irreparable harm to goodwill when it was "logically and factually unclear" how introduction of a competing product would injure the plaintiff's goodwill when the plaintiff did not demonstrate more than the potential for lost sales or give a reasonable basis for its conclusion that its training programs would lose value).

Plaintiffs argue that the irreparable injury prong is satisfied because Plaintiffs will continue to lose employees, customers and business goodwill in the absence of preliminary relief. (ECF No. 5-1 at 6-7.) Specifically, Plaintiffs allege that the structural health of their business has declined due to a loss of employees to competitors and that the company has lost legitimacy in the eyes of the public due to Plaintiffs' inability to operate and fulfill contracts within the City of Spartanburg. *Id.* Plaintiffs also claimed that Cole Towing lost sixty percent of

its business, approximately $150,000 in revenue and a number of employees as a result of Defendants' suspension of their license. In response, Defendants point out that Plaintiffs have not provided the Court with any names, affidavits or evidence for their assertions. (ECF 18 at 6-7.) Further, Defendants contend Plaintiffs have not introduced evidence of permanent loss of customers, employees or goodwill as a result of the City's temporary suspension of Plaintiffs' towing license that cannot be remedied through money damages.

Based on the Record presented to the Court at this time, the Court finds that Plaintiffs have failed to make a clear showing of irreparable harm. Plaintiffs' allegations of harm are not supported by sufficient evidence at this early stage of this case to meet this requirement from *Winter*. Further, the harm about which Plaintiffs' complain appears to be capable of being satisfied by money damages. Thus, Plaintiffs have failed to meet their burden of making a "clear showing" that they are likely to suffer irreparable harm in the absence of a preliminary injunction.

## C. Balance of Equities and Public Interest

The balance of the equities and the public interest are the third and fourth *Winter* factors to be considered for a preliminary injunction. *Winter*, 555 U.S. at 20. In order to prove these factors, Plaintiff must show the balance of the equities tip in their favor and that preliminary injunctive relief is in the public interest. *Id.* The Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* at 24.

Plaintiffs argue that the economic hardship caused by Defendants' conduct tips the balance of the equities in their favor and that it is in the public's interest to allow Plaintiffs to provide an economic benefit to their customers under principles of an open marketplace. (ECF

No. 5-1 at 9.) More specifically, Plaintiffs argue private property holders have a vested interest in keeping their properties free of unauthorized vehicles. Plaintiffs also claim that there is an associated business and economic benefit to private property owners being able to reserve parking for customers and that this public interest assists in property values being protected from waste. *Id.*

In response, Defendants assert that Plaintiffs violated the City's ordinance on multiple occasions and that such violations are in direct opposition to the interest of the public and the City of Spartanburg. (ECF No. 18 at 8-9.) Defendants argue that there is nothing in the record to indicate that the private property owners in the City of Spartanburg are unable to locate another towing company to keep their properties free and clear of unwanted vehicles. *Id.* Nor is there any indication in the record that the suspension of Plaintiffs' license has diminished free trade or the marketplace in Spartanburg according to Defendant. *Id.* Furthermore, Defendants claim that Plaintiffs violated a number of provisions in the ordinance in direct opposition to the public interest. *Id.* Specifically, on August 24, 2017, and September 1, 2017, Defendants contend Plaintiffs towed vehicles from a parking lot and temporarily stored them at locations other than the designated storage facility. (ECF No. 18-9.) On September 1, 2017, and December 23, 2017, Defendants contend Plaintiffs refused to accept payment from the drivers of vehicles that were in the process of being towed. Defendants also claim Plaintiffs failed to maintain a storage facility within two miles of the City, charged "dolly fees" when no dolly was used and charged drivers for storage fees after refusing to allow them to pick up their vehicles on the days requested. (ECF No. 18 at 8-9.)

After reviewing the pleadings and submissions of both parties, the Court finds that Plaintiffs have failed to make a clear showing that they will prevail on both factors. In addition to

the arguments of Defendants discussed above, the Ordinance has been found to be constitutional by the Spartanburg County Court of Common Pleas. Furthermore, Plaintiffs have not exhausted their administrative remedies. Plaintiffs may appeal the City's written administrative decision to suspend Plaintiffs' towing license and/or apply for a new permit after May 31, 2018. Therefore, for these additional reasons, the balance of the equities and public interest *Winter* factors for a preliminary injunction do not cut in favor of Plaintiffs' motion.

**D. Abstention Doctrines under the Anti-Injunction Act**

The City has raised other issues concerning the Court's jurisdiction under various abstention doctrines and under the Anti-Injunction Act. Since the Court has found that Plaintiffs have not met their burden of proof for a preliminary injunction, the Court declines to address these issues.

<u>**CONCLUSION**</u>

For the reasons set forth above, Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 5) is DENIED.

**IT IS SO ORDERED.**

<u>/s/ A. Marvin Quattlebaum, Jr.</u>
United States District Judge

June 4, 2018
Greenville, South Carolina